May it please the court, my name is Rich Thompson and I represent the plaintiff appellants Elizabeth and Robert Butler. I'd first like to express my surprise at someone apparently, are you here for the Butler's? You're here to listen. We're here to listen. Okay. Oh, okay. I'm more surprised, thank you. Okay. Elizabeth and Robert Butler filed a two-count complaint against the Harris' Marvin Lisa, Lisa's not Lisa Bonesteel, that was a couple of years ago in 2009. There were some continuances, answers were filed, eventually the case was set for judgment for trial June 2nd. And on May 28th, a few days before that, Lisa, one of the defendants, filed her pro se motion, both defendants were pro se, she filed a pro se motion in which she asked that the trial date be continued because she had surgery scheduled for June 2nd. So being pro se, she called the circuit clerk's office apparently and explained she couldn't make the trial date. She was told by the circuit clerk, okay, it'll be continued, would you please call Plaintiff's Counsel and let Plaintiff's Counsel know that this trial date is going to be continued. So on June 1st, apparently she did call Plaintiff's Counsel, which was not me, by the way, and explained the cause was going to be continued. So Plaintiff's Counsel called Plaintiff's and said, you don't need to show up on June 2nd because that trial date is being continued because one of the defendants has to undergo surgery on that date. Well, June 2nd comes, no one shows up for court except the other defendant, Mark Harris. Plaintiff's Counsel is not there because of the call telling him it had been continued. Plaintiffs are not there because their lawyer told them it had been continued. And Lisa's not there because she's apparently in surgery. Did the call say she was calling for both of them? I don't know that the record reflects that, but I think it does reflect that the date was continued. Mark Harris shows up, and the trial judge enters judgment on the merits in favor of defendants, singular, although costs were assessed in the amount of $218, which looks like, I think, two answer fees, so it looks like it could be construed as judgment in favor of both defendants. But in any case, judgment was entered on the merits in favor of one of the defendants, and we're asking that this court return that ruling because what should have happened is that the case should have been dismissed for want of prosecution, and the plaintiffs then would have had an opportunity to refile their case. Now, after the judgment was entered for the defendants, plaintiff's lawyer filed a motion to set aside default order. Well, it wasn't a default order because answers had been filed and none of the defendants showed up. So the trial court denied the motion to set aside the default order, saying this is not a default order. But in the motion, the plaintiff's lawyer set forth all these facts that I've just given you as to why none of the plaintiffs or their lawyers showed up on June 2nd, because their good faith belief from Lisa Harris's call that the trial date had been continued. Nonetheless, trial court denied the motion to set aside the default so the case effectively was closed. As I said, what we're asking is that the trial court's ruling in favor of the defendants be overturned. What you should have done and what was within his discretion to do was dismiss the case for want of prosecution. I just want to refer to a couple of authorities for that provision. Our Illinois Supreme Court has held that where a case is reached for trial regularly on the call, the plaintiffs fail to appear. And even when the defendant is present, insisting upon a disposition, the court may possibly dismiss for want of prosecution. That's Leonard vs. Garden cited in the brief. Our Supreme Court has also said it's the usual procedure for courts to dismiss cases for want of prosecution where the plaintiffs fail to appear. This apparently has been in the law books for about a hundred years from the cases I cite. This is what should have happened. It was a matter of discretion to the trial judge. We think it was an abuse of discretion, potential judgment on the merits, when in fact, plaintiffs were not there because, as they say, of their good faith belief that they had been continued. First District has said that we are inclined to follow the course which will hasten cases to trial on the merits unless culpable negligence is present. And I hope the Fifth District will follow that and note that in our case, there isn't any negligence. Plaintiff's attorney generally believed the case had been continued. The defendants had no attorney, so he wasn't expecting any information from their attorney. They were pro se. My advice, the plaintiffs didn't show up based on what their attorney told them. Would you not show up for trial if you got a phone call from somebody that you were suing and they said the case has been continued? I would probably show up, but I wasn't there. How are these phone calls substantiated in the record? They're in the motion to set aside the default judgment. Is that? Yes, because there is no record. There is no record. There is the pleadings in the record. There's no transcript of the actual trial hearing. There's just an order saying judgment entered for the defendants. There are no transcripts of any proceedings? There's no transcripts of any kind. There's nothing that shows that the trial court actually noted that there was a call from one of the parties and there was an agreement to continue? The initial order, June 2nd, is in the appendix on 8-2, and that's a form article the court just marks the defendant is present and then assesses costs. And on 8-3, the case called on plaintiff's motion to vacate default judgment. Of course, it's fine. Said judgment is not a default. Said matter was set for trial, and no continuance was granted. Defendant Mark Harris appears at trial, but no one else. Plaintiff's motion is denied. Copies are given. The trial court noted that no continuance was granted. There was a pending motion to continue filed by Lisa Harris on May 28th. Whether or not the trial court was aware of that, was addressing that in this order, we don't know. It just said that no continuance had been given. I cite a case in the brief, however, that says even when you haven't asked for a continuance, if the plaintiffs don't show up, it's still within the discretion to dismiss from one of the prosecutions so that the plaintiffs can refile their case and get their day in court. Given that there is a pending motion to continue in the file that hasn't been ruled on, an alternative remedy and a more streamlined remedy would be that this court set aside the judgment of the defendants and direct the trial court to set the motion to continue for hearing so that it can be heard and a trial date set in the manner to proceed. So we'd like either the case, the judgment of the trial court to be set aside with the direction that the order should have been dismissal for one of the prosecutions, or that the trial court judgments be set aside and the direction to give that the trial court set the pending motion to continue for hearing. That's all. We appreciate the appearance of argument and the appearance of the defendant. And we will take the case under review.